PEOPLE v CLARDY

Docket No. 100593. Submitted September 7, 1988, at Lansing. Decided November 7, 1988.

Terry Lee Clardy pled guilty in Genesee Circuit Court to a charge of breaking and entering with intent to commit larceny and was sentenced to six to ten years in prison, Valdemar L. Washington, J. The sentence recommended by the sentencing guidelines is twelve to thirty months. Defendant appealed, claiming that the court erred in departing from the sentencing guidelines and that the sentence imposed should shock the judicial conscience.

The Court of Appeals *held:*

The trial court properly stated on the record which criteria it considered and its reasons for departing from the guidelines when imposing defendant's sentence, and the conscience of the Court of Appeals is not shocked by the sentence. The sentence is appropriate.

Affirmed.

KELLY, J., dissented. He would remand for resentencing, at which the court would be directed to specifically state on the record what aspects of the case persuaded the court to depart so significantly from the guidelines. He states that the sentence imposed seemingly constitutes an unwarranted departure from the guidelines.

1. CRIMINAL LAW — SENTENCING.

The proper criteria for determining an appropriate sentence include the disciplining of the wrongdoer, the protection of society, the potential for reformation of the offender and the deterring of others from committing like offenses; the sentencing court must state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed.

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

2. CRIMINAL LAW — SENTENCING — DEPARTURE FROM GUIDELINES.

Departure from the sentencing guidelines is permitted, but the sentencing court must give specific explanations for departure where there are special characteristics of the offense or offender necessitating a departure or where the court believes the recommended ranges are inappropriate.

3. CRIMINAL LAW — SENTENCING — APPEAL.

The Court of Appeals, when reviewing a trial court's exercise of discretion in sentencing, will afford relief to a defendant only if it finds that the trial court abused its discretion to the extent that the sentence imposed shocks the conscience of the Court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Shelley R. Spivack,* for defendant on appeal.

Before: DANHOF, C.J., and KELLY and BEASLEY, JJ.

DANHOF, C.J. Defendant pled guilty to breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to six to ten years in prison. Defendant appeals his sentence as of right, claiming that the lower court erred by departing from the sentencing guidelines and that his sentence should shock our conscience. We affirm.

The proper criteria for determining an appropriate sentence include the disciplining of the wrongdoer, the protection of society, the potential for reformation of the offender, and the deterring of others from committing like offenses. The sentencing court must state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). Departure from

the sentencing guidelines is permitted. The sentencing court must give specific explanations for departure where there are special characteristics of the offense or offender necessitating a departure or where the court believes the recommended ranges are inappropriate. *People v Fleming,* 428 Mich 408, 426; 410 NW2d 266 (1987).

At sentencing, the lower court stated that it was troubled by defendant's continuing drug use and apparent unwillingness to take advantage of an opportunity to help himself. The court indicated that it imposed defendant's sentence to punish and rehabilitate him and to protect society. The lower court properly stated on the record which criteria it considered and its reasons for departing from the guidelines when imposing defendant's sentence. *Fleming, supra,* p 426; *Coles, supra,* p 550.

When reviewing a trial court's exercise of discretion in sentencing, we will afford relief to a defendant only if we find that the trial court abused its discretion to the extent that it shocks our conscience. *Coles, supra,* p 550. Defendant's sentence is appropriate. Our conscience is not shocked.

Affirmed.

BEASLEY, J., concurred.

KELLY, J. *(dissenting).* In this case the appropriate guideline range was twelve to thirty months. The sentence imposed was 72 to 120 months. A very significant departure. I would remand for resentencing, at which the sentencing court would be directed to specifically state on the record what aspects of the case persuaded the court to depart so significantly from the guidelines. *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987).

I do not know what the trial judge referred to

when he mentioned defendant's failure to "avail himself of the help previously offered and his continued use of cocaine." It sounds as though the trial court were sentencing defendant for the criminal use of controlled substances. This is inappropriate.

In both the original and the updated presentence report defendant was found to have maintained steady employment from the time he was arrested to the time he was sentenced, a five-month period. This would seem to counter the picture of a self-destructing use of controlled substances. Furthermore, there is no indication in the transcripts or in the sentencing record that defendant's behavior was violent or that he had an assaultive nature or background. It seems to me on the face of it the length of the sentence imposed in this case constitutes an unwarranted departure from the guidelines. I'm not prepared to say at this point that the sentence shocks my conscience, but unless there is a sound reason for departure it seems to me that the sentence is probably disparate.